**Margarito O. VALLE, Plaintiff— Appellant,**

v.

**IMMIGRATION AND NATURAL- IZATION SERVICE, Defen- dant—Appellee,**

and

**John ASHCROFT, Attorney General, Defendant.**

No. 02–16823.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 21, 2003.

Lourdes Santos Tancinco, Esq., San Francisco, CA, for Plaintiff-Appellant.

Robert Yeargin, USSF–Office of the U.S. Attorney, San Francisco, CA, Charles DeMore, District Director, Immigration & Naturalization Service, San Francisco, CA, Attorney General, Carl H. McIntyre, Jr., Jeffrey J. Bernstein, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM *

We affirm the decision of the district court that plaintiff Margarito O. Valle is not entitled to be naturalized as a Filipino War Veteran because he does not meet the eligibility criteria established by statute. *See* 8 U.S.C. § 1440 note.

Mr. Valle submitted evidence to the district court that he served in the Cebu Guerilla Command in the Philippines during World War II, as a member of the forces that resisted Japanese control until the United States Army arrived in 1945. Mr. Valle conceded, however, that his name does not appear on the final roster prepared by the Guerilla Affairs Division ("GAD") of the United States Army of those who served honorably within a recognized guerilla unit during the World War II occupation and liberation of the Philippines. The district court also concluded the evidence shows that Mr. Valle's guerilla service was never certified by the United States Department of the Army.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In 1997, Congress amended section 405 of the Immigration Act, 8 U.S.C. § 1440 note. Pub.L. 105–119, Title I, § 112(b)-(d), 111 Stat. 2459 (codified at 8 U.S.C. § 1440 note). The 1997 amendments specify that World War II veterans of recognized guerilla units in the Philippines are eligible for waivers of the territorial service and residency requirements in INA § 329, 8 U.S.C. § 1440, only if their names appear on the GAD roster. 8 U.S.C. § 1440 note (a)(1)(B)(ii). Flawed as the GAD list may be, this is the requirement Congress established. The amendments also provide that, in the case of an applicant claiming to have served in a recognized guerilla unit, only the United States Department of the Army can certify honorable service and discharge. 8 U.S.C. § 1440 note (a)(3)(A)(ii). By its plain meaning, the statute requires that the Army certify only those former members of recognized guerilla units whose names appear on the GAD list. 8 U.S.C. § 1440 note (a)(1)(B)(ii).

Mr. Valle cites the heroic and courageous service by Filipino World War II veterans to request that we apply in equity previous, more favorable law, including the case of *Almero v. INS*, 18 F.3d 757 (9th Cir.1994). We recognize that heroic and courageous service, but we lack authority to apply pre–1997 law or to grant naturalization in equity. *Landgraf v. USI Film Products*, 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *INS v. Pangilinan*, 486 U.S. 875, 883, 108 S.Ct. 2210, 100 L.Ed.2d 882 (1988). In 1997, Congress modified the statute we interpreted in *Almero*, and explicitly made its modifications applicable to pending naturalization applications. Pub.L. 105–119, Title 1, § 112(d), 111 Stat. 2460. We are bound by these statutory requirements.

The district court fulfilled its responsibilities under 8 U.S.C. § 1421(c) to conduct a de novo review, and correctly held that its review was limited to determining whether Mr. Valle met the statutory criteria. *See id.* Because Mr. Valle has not fulfilled the statutory requirements established by Congress, the district court was compelled to find that Mr. Valle was not eligible for a naturalization waiver under INA § 329, 8 U.S.C. § 1440.

AFFIRMED.